FILED
2012 NOV 14 AM 9: 20
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WEDGEWOOD COMMUNITY FUND II, LLC,

         Plaintiff,

vs.

ALBA C. RUANO, et al.,

         Defendants.

CASE NO. CV 12-08432 UA (SS)

ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION

    The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

    On October 1, 2012, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed <u>in forma pauperis</u>. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendants do not competently allege facts supplying either diversity or

federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, North District, Michael D. Antonovich Antelope Valley Courthouse, 42011 4th St. West, Lancaster, CA 93534, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 11/8/12

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE